IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID CHRISTOPHER LEE WALTON,

                                            OPINION AND ORDER

                  Petitioner,

                                     20-cv-216-bbc

       v.

BRIAN FOSTER,

                  Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner David Walton, who is incarcerated at the Waupun Correctional Institution, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his January 29, 2016 judgment of conviction in the Circuit Court for Monroe County, Wisconsin in Case No. 2015CF254 for armed robbery and felony and misdemeanor theft as a party to a crime and repeater. (As explained below, petitioner filed a similar federal habeas petition in 2019, in which he included a mix of exhausted and unexhausted claims. Case no. 19-cv-45. At petitioner's request, I dismissed that petition so that he could pursue his unexhausted claims in the state courts.)

      The instant petition is now before the court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. See also 28 U.S.C. § 2243 (habeas court must award writ or order respondent to show cause why writ should not be granted, unless application makes it clear that petitioner is not entitled to relief). Also before the court are petitioner's motion for assistance in the recruitment of counsel, dkt. #3; motion for

transcripts, dkt. #4; motion for a certificate of appealability, dkt. #6; motion to vacate the sentence and judgments entered by the state courts, dkt. #7; motion for an appeal bond, dkt. #8; and motion to release petitioner pursuant to the All Writs Act, 28 U.S.C. § 1651, dkt. #9.

A review of the information contained in the petition, its attachments and Wisconsin's online court records, suggests that petitioner failed to present his unexhausted ineffective assistance of postconviction counsel claims through a complete round of state-court review by appealing the circuit court's denial of his postconviction motion in the state court of appeals and state supreme court.  Because the time for appeal has passed, petitioner has procedurally defaulted his unexhausted claims.  However, I will give petitioner a short opportunity to show cause why his unexhausted claims should not be dismissed and the petition be allowed to proceed only with respect to his exhausted claims.  The motions filed by petitioner will be denied as inappropriate, unnecessary or premature.


OPINION

Petitioner raises the following grounds in his petition and brief in support of his petition:

1.   Petitioner's trial counsel was ineffective for the following reasons: (a) failing to request a <u>Miranda</u>-<u>Goodchild</u> evidentiary hearing to determine whether petitioner's statement to Detective Tester on June 12, 2015 was voluntary; (b) failing to impeach Courtney Stalsberg—petitioner's co-defendant and a key witness in the prosecution's case—with prior convictions, pending cases and

2

inconsistent statements; (c) failing to impeach witnesses Orlando Thomas and Travis Stewart with prior convictions and pending cases; and (d) failing to object to the testimony of Ty Brey, petitioner's extended supervision agent.

2.      The state courts failed to grant petitioner a new trial in the interests of justice based on his trial counsel's errors and "newly discovered" evidence that Stalsberg admitted in text and email messages that she lied in her testimony about petitioner's involvement in the crimes.

3.      Petitioner's postconviction counsel, Steven Zaleski, failed to raise the following issues in the postconviction motion that he filed on petitioner's behalf on October 27, 2016:  (a) trial counsel's failure to raise a challenge under <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986), regarding the prosecution's exclusion of a potential juror based on race; (b) the prosecution violated petitioner's Fifth Amendment right to remain silent by questioning petitioner's parole agent about petitioner's prior crimes and convictions; and (c) the prosecutor improperly withheld evidence of Stalsberg's "state of mind" at the time she testified against petitioner.

This is the second federal habeas petition that petitioner has filed with respect to his January 2016 conviction.  On January 17, 2019, petitioner filed a petition for a writ of habeas corpus in this court, raising the same claims that he raises in his current petition. Case no. 19-cv-45-bbc (W.D. Wis.), dkt. #1.  However, because petitioner had not yet exhausted his claims of ineffective assistance of postconviction counsel (claim no. 3), I granted his request to dismiss the petition so that he could pursue those unexhausted claims in the state courts.  Apr. 1, 2019 Ord., case no. 19-cv-45, dkt. #15.

In his current petition, petitioner states that he presented his unexhausted claims to the state circuit court.   Wisconsin court records available online confirm that petitioner filed a pro se motion for postconviction relief under Wis. Stat. § 974.06 and <u>State v. Rothering</u>, 556 N.W.2d 136 (1996), in the state circuit court on March 18,

2019.  The circuit court held a hearing on December 13, 2019, and denied the motion in a written order entered on December 23.   However, petitioner does not say that he appealed this decision in the Wisconsin Court of Appeals, and there is no record of his doing so.

As explained in the order screening petitioner's 2019 petition, a prisoner may not file a habeas petition before presenting his claims through a complete round of state-court review.   28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Lemons v. O'Sullivan, 54 F.3d 357, 360 (7th Cir. 1995).   In Wisconsin, this includes filing an appeal in the Wisconsin Court of Appeals and a petition for review in the Wisconsin Supreme Court.   E.g., Mittelstadt v. Wall, 2015 WL 5440661, at *2-3 (W.D. Wis. Sept. 14, 2015) (citing state law provisions); Sanders v. Paquin, 09-cv-472, 2009 WL 2450362, at *4 (W.D. Wis. Aug. 7, 2009) (to satisfy exhaustion requirement, § 2254 petitioner "must assert each of his claims in a petition for review to the Wisconsin Supreme Court") (citing Moore v. Casperson, 345 F.3d 474, 485-86 (7th Cir. 2003)). Therefore, before petitioner can file a habeas petition in this court with respect to his ineffective assistance of postconviction counsel claims, he must seek review of the circuit court's denial of his § 974.06 motion in both the Wisconsin Court of Appeals and the Wisconsin Supreme Court.   However, petitioner faces a problem because the time for filing an appeal in state court has long since passed in his case.

In Wisconsin, an appeal must be initiated within 45 days of entry of a written final judgment or order.   Wis. Stat. § 808.04(1).   See also Wis. Stat. § 809.30(2)(L)

(appeal under § 974.06 is governed by procedures for civil appeals).  Because the circuit court entered its order denying petitioner's latest postconviction motion on December 23, 2019, petitioner had until February 6, 2020 to file an appeal.  Therefore, petitioner is no longer able to file a timely appeal and has procedurally defaulted his unexhausted claims.  Wilkinson v. Strahota, 2018 WL 1257816, at *4 (E.D. Wis. Mar. 12, 2018) (failure to file a timely notice of appeal from trial court's denial of postconviction motion was procedural default); Clayton v. Baenen, 2011 WL 5877072, at *6 (E.D. Wis. Nov. 22, 2011) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)) ("[I]f a claim is fairly presented to the circuit court in a motion for postconviction relief, but is not appealed to the state appellate courts, . . . then that claim is considered procedurally defaulted.").

If petitioner still wishes to pursue a habeas petition in this court with respect to his unexhausted claims, he will have to show either that (1) he has cause for failing to follow the state procedural rules regarding appeals and he was prejudiced from his failure to do so; or (2) a failure to consider the claim would result in "a fundamental miscarriage of justice" because he is "actually innocent" of the conviction in the Circuit Court for Monroe County case number 2015CF254.  Carter v. Douma, 796 F.3d 726, 733-34 (7th Cir. 2015).  I will allow petitioner a short opportunity to overcome his default by making either of these showings.  However, petitioner should be aware that a prisoner's pro se status or lack of education or legal knowledge by themselves do not qualify as adequate grounds to excuse a procedural default.  Harris v. McAdory, 334 F.3d 665, 668 (7th Cir.

2003); Dellinger v. Bowen, 301 F.3d 758, 763 (7th Cir. 2002) (petitioner's youth and lack of education did not constitute cause); Henderson v. Cohn, 919 F.2d 1270, 1272-73 (7th Cir. 1990) (petitioner's illiteracy and limited education insufficient to establish "cause").   In addition, the fundamental-miscarriage-of-justice exception requires a showing that "a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense."   Dretke v. Haley, 541 U.S. 386, 393 (2004) (quoting Carrier, 477 U.S. at 496); Schlup v. Delo, 513 U.S. 298, 327 (1995)).   "To be credible, a claim [of actual innocence] requires 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'"   Thomas v. Williams, 822 F.3d 378, 387 (7th Cir. 2016) (citations omitted).

Finally, petitioner has filed several other motions that I will deny as inappropriate, unnecessary or premature.   Petitioner's motions to vacate the sentence and judgments entered by the state courts, to release petitioner on an appeal bond and to release petitioner pursuant to the All Writs Act, 28 U.S.C. § 1651, are inappropriate means of obtaining the same relief he seeks his habeas petition.   Petitioner's motions for assistance in the recruitment of counsel and for a certificate of appealability are premature and will be denied without prejudice to his renewing them at a later time, if his petition proceeds in this court.   Petitioner's motion for the release of the trial court transcripts will be denied as unnecessary, because in the event the state is required to respond to the petition, it will provide any necessary transcripts.

ORDER

IT IS ORDERED that

1.  Petitioner David Christopher Lee Walton's motion for assistance in the recruitment of counsel, dkt. #3; motion for transcripts, dkt. #4; motion for a certificate of appealability, dkt. #6; motion to vacate the sentence and judgments entered by the state courts, dkt. #7; motion for an appeal bond, dkt. #8; and motion to release petitioner under the All Writs Act, 28 U.S.C. § 1651, dkt. #9, are DENIED.

2.  Petitioner has until May 27, 2020, within which to show cause why his unexhausted claims of ineffective assistance of postconviction counsel should not be dismissed as barred by the doctrine of procedural default.  If petitioner fails to respond by May 27, 2020, I will dismiss those claims and order the state to respond to the exhausted claims in the petition.

Entered this 7th day of May, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

7